IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JULIAN RAMIREZ § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § NO. 3-10-CV-0568-K <br> RICK THALER, Director § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division § <br> § <br> Respondent. § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Petitioner Julian Ramirez, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

In 2003, petitioner was convicted of murder and sentenced to 55 years confinement. His conviction was affirmed on direct appeal and upheld on state collateral review. *Ramriez v. State*, No. 05-04-00251-CR, 2005 WL 1983546 (Tex. App.--Dallas, Aug. 18, 2005, pet. ref'd), *cert. denied*, 126 S.Ct. 2938 (2006); *Ex parte Ramirez*, WR-68,843-01 (Tex. Crim. App. Nov. 28, 2007). On or about December 30, 2009, petitioner received a computer printout from the Texas Board of Pardons and Paroles which allegedly contains incorrect information pertaining to his identity, the date the offense was committed, and the date his sentence commenced. Petitioner then filed this action in federal district court.

On March 29, 2010, the court sent written interrogatories to petitioner in order to determine whether his claims were raised in state court. Petitioner answered the interrogatories on April 9, 2010. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus to satisfy the exhaustion requirement. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

In his interrogatory answers, petitioner admits that he has not exhausted his state remedies. (*See* Mag. J. Interrog. #5). A search of the official websites of the Dallas County courts and the Texas Court of Criminal Appeals confirms that petitioner has not filed an application for state post-conviction relief with respect to parole matters. Unless and until petitioner presents his claims to the Texas Court of Criminal Appeals, he may not seek federal habeas relief. *See Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (claim challenging parole procedures requires exhaustion of state remedies); *Medina v. Quarterman*, No. 3-09-CV-0887-N, 2009 WL 2015119 at *1 (N.D. Tex. Jul. 10, 2009) (same); *Eiland v. Cockrell*, No. 3-03-CV-0027-P, 2003 WL 21350136 at *1 (N.D. Tex. Jun. 5, 2003) (same).

Nor can petitioner circumvent the exhaustion requirement of the federal habeas statute by bringing this action under 42 U.S.C. § 1983. Although the Supreme Court has held that a prisoner may, in certain circumstances, challenge state parole procedures in a civil rights action instead of an application for writ of habeas corpus, that option is available only for procedural challenges to state parole laws where success would not necessarily spell immediate or speedier relief for the prisoner and would not necessarily demonstrate the invalidity of the prisoner's confinement or its duration. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005). Here, petitioner seeks relief for "wrongful imprisonment." (*See* Mag. J. Interrog. #4). He does not challenge the Texas parole statutes or procedures generally. A favorable decision by the court would necessarily spell petitioner's immediate or speedier release. As a result, petitioner must bring his claims in an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Williams v. Texas Board of Pardons and Paroles*, No. C-06-70, 2006 WL 801030 at *3 (S.D. Tex. Mar. 24, 2006) (construing civil rights complaint as one for habeas relief where petitioner challenged results of specific parole hearing and sought a new hearing, not "an overhaul of the parole review system").[1]

## **RECOMMENDATION**

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Accordingly, his application for writ of habeas corpus should be summarily dismissed without prejudice.

---

[1] Even if petitioner could raise his claims in a federal civil rights complaint, the court questions whether he has a liberty interest in obtaining early release. If petitioner is eligible only for release on parole, as opposed to mandatory supervision, no such liberty interest exists. *See Palmer v. Texas Board of Paroles*, 89 Fed.Appx. 857, 858, 2003 WL 22945694 at *1 (5th Cir. Dec. 10, 2003), *citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) (affirming dismissal of section 2254 habeas petition for failure to exhaust state remedies because, even if pleading was construed as civil rights complaint, prisoner "has no liberty interest in obtaining parole in Texas").

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 3, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE